UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| Laura Smith, individually, and on behalf of others similarly situated, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| The Bank of Missouri, | ) ) ) |
| Defendant. | ) ) ) |

Civil Action No.:

**JURY TRIAL DEMANDED**

**COLLECTIVE / CLASS ACTION COMPLAINT AND JURY DEMAND**

Plaintiff, Laura Smith ("Plaintiff"), individually and on behalf of all others similarly situated, by and through her attorneys, hereby brings this Collective/Class Action Complaint against Defendant, The Bank of Missouri ("Defendant"), and alleges of her own knowledge and conduct and upon information and belief as to all other matters, as follows:

**INTRODUCTION**

1. Plaintiff brings this action, individually and as a collective action on behalf of all other Call Center Agents who elect to opt-in to this action to recover unpaid overtime wages, liquidated damages, and reasonable attorneys' fees and costs as a result of Defendant's willful violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*

2. Additionally, Plaintiff brings this action under Federal Rule of Civil Procedure 23, on behalf of herself, individually, and all similarly situated employees of Defendant, who work or worked in Missouri, to recover unpaid wages, overtime wages, plus interest, liquidated damages,

and reasonable attorneys' fees and costs under the Missouri Minimum Wage Law, Mo. Rev. Stat. §§ 290.500, *et seq.* ("MMWL").

3. Defendant provides banking services to its clients and customers.

4. Defendant's Call Center Agents duties include, *inter alia*, updating existing accounts, handling customer inquiries, assist customers over the phone and via electronic channels with any requests, update new or existing consumer and business accounts, ensure customer accounts are up to date with the latest, most accurate information, and help customers by phone or electronically resolve problems or concerns with their accounts.

5. Plaintiff and the members of the putative collective were employed by Defendant in positions including customer experience specialist ("CESs") and customer service representative, and were responsible for handling inbound telephone calls from Defendant's clients and customers (collectively "Call Center Agents").

6. The U.S. Department of Labor recognizes that customer support jobs, like those held by Defendant's Call Center Agents, are homogenous and it issued Fact Sheet #64 in July 2008 to alert customer support employees to some of the abuses which are prevalent in the industry.

7. One of those abuses, which are at issue in this case, is the employer's refusal to pay call center agents for work "from the beginning of the first principal activity of the workday to the end of the last principal activity of the workday. *Id.*

8. More specifically, Fact Sheet #64 condemns an employer's non-payment of an employee's necessary pre-shift activities: "An example of the first principal activity of the day for agents/specialists/representatives working in call centers includes starting the computer to download work instructions, computer applications and work-related emails." Additionally, the

FLSA requires that "[a] daily or weekly record of all hours worked, including time spent in pre-shift and post-shift job-related activities must be kept." *Id.*

9. Defendant failed to pay Call Center Agents for their pre-shift time spent starting up their computers, opening, logging into and connecting to required systems and applications, and reviewing work-related e-mails and other information, including time worked in excess of forty (40) hours in a workweek.

10. Plaintiff seeks unpaid overtime wages and liquidated damages pursuant to the FLSA on behalf of herself and the FLSA Collective, defined as "*all current and former hourly-paid, non-exempt employees, employed in the position of Call Center Agent who worked for Defendant in any place covered by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., including, but not limited to, the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guam, at any time within the three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective"). See* 29 U.S.C. § 207(a)(1); 216(b).

11. Further, Plaintiff seeks unpaid wages, overtime wages, and liquidated damages pursuant to the MMWL on behalf of herself and the Rule 23 Missouri Class, defined as "*all current and former hourly-paid, non-exempt employees, employed in the position of Call Center Agent who worked for Defendant in Missouri at any time within the two (2) years preceding the commencement of this action and the date of judgment ("Rule 23 Missouri Class").*

## JURISDICTION AND VENUE

12. This Court has subject-matter jurisdiction over Plaintiff's FLSA claim pursuant to 28 U.S.C. § 1331 because Plaintiff's claim raises a federal question under 29 U.S.C. § 201, *et seq*.

13. Additionally, this Court has jurisdiction over Plaintiff's collective action FLSA claim pursuant to 29 U.S.C. § 216(b), which provides that suit under the FLSA "may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."

14. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367 because they arise under the same facts as their federal claims.

15. This Court has personal jurisdiction over Defendant because Defendant is domiciled in Missouri and maintains systematic and continuous contacts with the State of Missouri, from which Plaintiff's claims arise.

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this district and because a substantial portion of the events that give rise to Plaintiff's claims occurred in this district.

**PARTIES**

17. Plaintiff Laura Smith is a resident of Springfield, Missouri, and worked for Defendant from approximately July 26, 2021 to the present.

18. Pursuant to 29 U.S.C. § 216(b), Plaintiff signed a consent form to join this lawsuit, which is attached hereto as **Exhibit 1**.

19. Defendant The Bank of Missouri is a for-profit business incorporated in Missouri, with a principal address located at 916 N. Kings Highway Street, Perryville, Missouri, 63775.

**GENERAL ALLEGATIONS**

20. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

21. Defendant employs Call Center Agents to handle inbound telephone calls from Defendant's clients and customers.

22. At all times relevant to this action, Defendant was an enterprise whose annual gross volume of sales made or business done exceeded $500,000.

23. At all times relevant to this action, Defendant was an enterprise that has had employees engaged in commerce or in the production of goods for commerce, and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

24. Call Center Agents were engaged in commerce, and thus subject to individual coverage under the FLSA.

25. At all times relevant to this action, Defendant was an employer under 29 U.S.C. § 203(d) of the FLSA, subject to the provisions of 29 U.S.C. § 201, *et seq*.

26. Call Center Agents were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1) of the FLSA.

27. Defendant "suffered or permitted" Call Center Agents to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

28. Defendant classified Call Center Agents as non-exempt employees and paid them on an hourly basis without any guaranteed, predetermines amount of pay per week.

29. From approximately July 27, 2021, to present, Plaintiff worked for Defendant as a Call Center Agent.

30. In order to perform their jobs, Call Center Agents were required to start up their computers, open, log in to, and connect to various systems and applications, and review work-related emails and other information.

31. However, Call Center Agents were not actually "clocked in" for their shifts until *after* the computer start-up/log-in process was complete, meaning they performed work for which they were not compensated.

32. The off-the-clock time Call Center Agents spent starting up and logging into required systems and applications directly benefitted Defendant.

33. The start-up/log-in process was an essential part of the Call Center Agents' job responsibilities.

34. At all relevant times, Defendant controlled Call Center Agents' work schedules, duties, protocols, applications, assignments and employment conditions.

35. Despite knowing that Plaintiff and other Call Center Agents performed start-up/log-in activities before their shifts, Defendant and their managers did not make any effort to stop or otherwise disallow this off-the-clock work and instead allowed and permitted it to happen.

36. Defendant possesses, controls, and/or have access to information and electronic data that shows the time Call Center Agents started up and logged into their computers systems and applications each day and the time they logged into their telephone systems.

37. Defendant was able to track the amount of time Call Center Agents spent in connection with start-up/log-in activities; however, Defendant failed to pay Call Center Agents for such time.

38. Defendant used their adherence and attendance policies against Call Center Agents by disciplining Call Center Agents if they were not logged into their phones and ready to handle calls by the start of their scheduled shift time.

39. These policies coerced Call Center Agents into beginning the process of starting up and logging into their computers systems and applications and reading company e-mails and instructions prior to the start of their scheduled shift time.

40. Defendant's policies and practices deprived Call Center Agents of wages owed for the start-up/log-in activities described above.

41. Because Call Center Agents often worked in excess of forty (40) hours in a workweek, Defendant's pay practices also deprived them of overtime pay at a rate of 1.5 times their regular rate of pay.

42. Plaintiff typically works five (5) shifts per week with each shift lasting at least nine (9) hours, including a one (1) hour unpaid meal break.

43. Plaintiff regularly worked in excess of forty (40) hours in a workweek and was not paid for all hours worked in such weeks as a result of the violations alleged herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

44. The foregoing paragraphs are hereby incorporated by reference as though the same were fully set forth at length herein.

45. This action is brought as a collective action to recover unpaid overtime compensation and liquidated damages owed to Plaintiff and all similarly situated current and former employees of Defendant.

46. Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) of the FLSA on her own behalf and on behalf of the FLSA Collective, defined as:

> *All current and former hourly-paid, non-exempt employees employed in the position of Call Center Agent who worked for Defendant in any place covered by the Fair Labor Standards Act, 29 U.S.C. § 201, et seq., including, but not limited to, the United States, Puerto Rico, the Virgin Islands, American Samoa, and Guam, at any time within three (3) years preceding the commencement of this action and the date of judgment ("FLSA Collective").*

47. Plaintiff reserves the right to amend this definition as necessary.

48. Excluded from the proposed FLSA Collective are Defendant's executives, administrative, and professional employees, including computer professionals and outside sales persons.

49. With respect to the claims set forth in this action, a collective action under the FLSA is appropriate because the putative members of the FLSA Collective are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b) because: (a) they have been or are employed in the same or similar positions; (b) they were or are subject to the same or similar unlawful practices, policies, or plans; and (c) their claims are based upon the same factual and legal theories.

50. The employment relationship between Defendant and every FLSA Collective members is the same and differ only by name, location, and rate of pay. The key issue – whether Defendant failed to pay Call Center Agents for preliminary start-up/log-in time, and whether such time is compensable – do not vary substantially among the FLSA Collective members.

51. Plaintiff estimates the FLSA Collective, including both current and former employees over the relevant period, will include over one hundred members. The precise number of the FLSA Collective should be readily available from a review of Defendant's personnel and payroll records.

52. Plaintiff will request the Court to authorize notice to all current and former similarly situated employees employed by Defendant, informing them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid compensation, overtime compensation, and liquidated damages under the FLSA.

## **RULE 23 CLASS ACTION ALLEGATIONS**

53. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

54. Plaintiff brings this action individually, and on behalf of the following class of similarly situated individuals, pursuant to Rule 23 of the Federal Rules of Civil Procedure:

> *All current and former hourly-paid, non-exempt employees, employed in the position of Call Center Agent who worked for Defendant in Missouri at any time within the two (2) years preceding the commencement of this action and the date of judgment ("Rule 23 Missouri Class").*

55. The members of the Rule 23 Missouri Class are so numerous that joinder of all members is impractical. The Rule 23 Missouri Class members may be informed of the pendency of this action by direct mail, e-mail, and text message.

56. Pursuant to Federal Rule of Civil Procedure 23(a)(2), there are questions of law and fact common to the Rule 23 Missouri Class, including, but not limited to:

A. Whether the time Rule 23 Missouri Class members spend on start-up/log-in activities prior to "clocking in" for each shift is compensable time; and

B. Whether Rule 23 Missouri Class members are owed overtime for time spent performing start-up/log-in and reconnecting activities and, if so, the appropriate amount thereof.

57. Plaintiff's claims are typical of the claims of the Rule 23 Missouri Class members. Plaintiff is a current employee of Defendant and is employed as an hourly-paid, non-exempt Customer Service Representative who has suffered similar injuries as those suffered by the Rule 23 Missouri Class members as a result of Defendant's failure to pay wages and overtime compensation. Defendant's conduct of violating the MMWL has impacted the Rule 23 Missouri Class in the exact same way.

58. Plaintiff will fairly and adequately represent and protect the interests of the Rule 23 Missouri Class. Plaintiff is similarly situated to the Rule 23 Missouri Class and has no conflict with the Rule 23 Missouri Class members.

59. Plaintiff is committed to pursuing this action and has retained competent counsel experienced in class action litigation.

60. Pursuant to Rule 23(b)(1), (b)(2), and/or (b)(3) of the Federal Rules of Civil Procedure, this action is properly maintained as a class action because:

    A. The prosecution of separate actions by or against individual members of the Rule 23 Missouri Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Rule 23 Missouri Class that would establish incompatible standards of conduct for Defendant;

    B. Defendant, by failing to pay wages and overtime compensation when they became due and owing in violation of the MMWL, has acted or refused to act on grounds generally applicable to the Rule 23 Missouri Class, thereby making equitable relief appropriate with respect to the Rule 23 Missouri Class as a whole; and

    C. The common questions of law and fact set forth above applicable to the Rule 23 Missouri Class predominate over any questions affecting only individual members and a class action is superior to other available methods for the fair and efficient adjudication of the case, especially with respect to consideration of consistency, economy, efficiency, fairness and equity, as compared to other available methods for the fair and efficient adjudication of the controversy.

61. A class action is also superior to other available means for the fair and efficient adjudication of this controversy because individual joinder of the parties is impractical. The Rule 23 Missouri Class action treatment will allow a large number of similarly situated persons to

prosecute their common claims in a single forum simultaneously, efficiently, and without unnecessary duplication of effort and expense if these claims were to be brought individually.

62. Additionally, the damages suffered by each Ruel 23 Missouri Class member may be relatively small, the expenses and burden of individual litigation would make it difficult for the Rule 23 Missouri Class members to bring individual claims. The presentation of separate actions by individual Rule 23 Missouri Class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of each member of the Rule 23 Missouri Class to protect his or her interests.

## COUNT I
## FAIR LABOR STANDARDS ACT
## 29 U.S.C. § 201, *et seq.*
## FAILURE TO PAY OVERTIME COMPENSATION
### (*Brought on an Individual and FLSA Collective Basis*)

63. The foregoing paragraphs are hereby incorporated by reference as if fully set forth at length herein.

64. Pursuant to Section 206(b) of the FLSA, employees must be compensated for every hour worked in a workweek.

65. Moreover, under Section 207(a)(1) of the FLSA, employees must be paid overtime equal to 1.5 times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week.

66. In most workweeks, Plaintiff and the FLSA Collective members worked over forty (40) hours.

67. Defendant required Plaintiff and the FLSA Collective members to perform start-up/log-in activities before their shifts, but failed to pay these employees the federally mandated overtime compensation for all time worked.

68. The start-up/log-in activities performed by Plaintiff and the FLSA Collective members every session are an essential part of their jobs and these activities and the time associated with these activities is not *de minimis*.

69. In workweeks in which Plaintiff and the FLSA Collective members worked in excess of forty (40) hours, the uncompensated start-up/log-in time should have been paid at the federally mandated rate of 1.5 times each employee's regular hourly wage. 29 U.S.C. § 207.

70. Defendant's violations of the FLSA were knowing and willful. Defendant knew or could have easily determined how long it took for Plaintiff and the FLSA Collective members to perform start-up/log-in activities and Defendant could have properly compensated Plaintiff and the FLSA Collective members for such time, but did not.

71. The FLSA, 29 U.S.C. § 216(b), provides that as a remedy for a violation of the Act, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

**COUNT II**
**MISSOURI MINIMUM WAGE LAW**
**MO. REV. STAT. § 290.500**
**<u>FAILURE TO PAY OVERTIME COMPENSATION</u>**
(***<u>Brough on an Individual and Rule 23 Class Basis</u>***)

72. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

73. At all times relevant to the action, Defendant was an employer covered by the mandates of the MMWL, and Plaintiff and the Rule 23 Missouri Class are employees entitled to the MMWL's protections.

74. The MMWL requires employers to pay their employees minimum wages and time-and-a-half their regular rate of pay for hours worked in excess of forty (40) per week. Mo. Rev. Stat. § 290.505.

75. Mo. Rev. Stat. § 290.527 provides that as a remedy for a violation of the MMWL, an employee is entitled to his or her unpaid wages (and unpaid overtime if applicable) plus an additional equal amount in liquidated damages (double damages), plus costs and reasonable attorneys' fees.

76. Defendant violated the MMWL by regularly and repeatedly failing to compensate Plaintiff and the Rule 23 Missouri Class members for time spent on the pre-shift work activities described in this Complaint, including hours worked in excess of forty (40) in a workweek.

77. As a result, Plaintiff and the Rule 23 Missouri Class have and will continue to suffer loss of income and other damages. Accordingly, Plaintiff and the Rule 23 Missouri Class members are entitled to recover unpaid wages owed, liquidated damages, costs and attorneys' fees, and other appropriate relief under the MMWL at an amount to be proven at trial.

## COUNT III
## BREACH OF CONTRACT
### (*Brought on an Individual and Rule 23 Class Basis*)

78. The foregoing paragraphs are hereby incorporated by reference as though fully set forth at length herein.

79. At all times relevant to this action, Defendant had a contract with Plaintiff and every other Rule 23 Missouri Class member to pay each employee for each hour they worked at a pre-established (contractual) regular hourly rate.

80. Each Rule 23 Missouri Class member's contractual hourly rate is identified in paystubs and other records that Defendant prepares as part of its regular business activities.

81. Plaintiff and the Rule 23 Missouri Class members performed under the contract by doing their jobs and carrying out the pre-shift activities that Defendant required or accepted.

82. By not paying Plaintiff and other Ruel 23 Missouri Class members the agreed upon hourly wage for the pre-shift, Defendant systemically breached its contracts with Plaintiff and other Ruel 23 Missouri Class members.

83. Plaintiff and the Rule 23 Missouri Class members' remedies under the FLSA are inadequate in this case to the extent Defendant paid them more than the federally mandated minimum wage of $7.25 per hour but less than forty (40) hours per week (i.e., pure "gap time" claims).

84. Defendant also breached its duty of good faith and fair dealing by failing to keep track of the time Plaintiff and other Rule 23 Missouri Class members spent performing pre-shift, which are a fundamental part of an "employer's job."

85. As a direct and proximate result of Defendant's breaches of the contracts alleged herein, Plaintiff and other Rule 23 Missouri Class members have been damaged, in an amount to be determined at trial.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff, on behalf of herself and the FLSA Collective and Rule 23 Missouri Class, respectfully requests that this Court grant the following relief against Defendant:

  A. Certifying this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA Claims set forth herein;

  B. Certifying this case as a class action (for the Rule 23 Missouri Class) pursuant to Rule 23(b)(2) and (b)(3) with respect to Count II and Count III;

  C. Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names and addresses of all FLSA Collective members and Rule 23 Missouri Class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including publishing of notice in a manner that is reasonably calculated to apprise the collective/class members of their rights by law to join and participate in this lawsuit;

  D. Designating Plaintiff as the representative of the FLSA Collective and undersigned counsel as Collective counsel for the same;

  E. Designating Plaintiff as the representative of the Rule 23 Missouri Class and undersigned counsel as Class counsel for the same;

  F. Finding that Defendant willfully violated the FLSA and the Department of Labor's attendant regulations as cited herein;

  G. Finding that Defendant violated the Missouri Minimum Wage Law as alleged herein and that said violations were intentional, willful, oppressive, fraudulent and malicious;

  H. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the FLSA Collective the full amount of compensatory damages and liquidated damages available by law;

I. Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and the Rule 23 Missouri Class the full amount of compensatory damages and liquidated damages available by law;

J. Awarding reasonable attorneys' fees and costs incurred by Plaintiff in filing this action as provided by statute;

K. Granting an incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective members and Rule 23 Missouri Class members in this action;

L. Awarding pre- and post-judgment interest to Plaintiff on these damages; and

M. Awarding such other and further relief as this Court deems appropriate.

## JURY DEMAND

Plaintiff, Laura Smith, individually and on behalf of all other FLSA Collective members and Rule 23 Missouri Class members, by and through her attorneys, hereby demands a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure and the court rules and statutes made and provided with respect to the above-entitled claims.

Respectfully submitted,

**BROWN, LLC**

Dated: October 15, 2024

*/s/ Nicholas Conlon*
Nicholas Conlon (to seek PHV)
34052013 (NJ
Edmund C. Celiesius (to seek PHV)
326197 (PA)
111 Town Square Place, Suite 400
Jersey City, NJ 07310
ed.celiesius@jtblawgroup.com
nicholasconlon@jtblawgroup.com

*Counsel for Plaintiff*